U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

LORI MARIE DIAZ,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a Foreign
Corporation,

    Defendant

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, **LORI MARIE DIAZ**, by and through undersigned counsel, hereby sues the Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, a Foreign Corporation,** and alleges as follows:

1. This is an action for damages that exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.

2. This Court has jurisdiction over this matter pursuant to 28 USC § 1333(1) and 28 USC § 1332 (a)(1).

3. Venue in the United States District Court for Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and Defendant.

4. At all times material, Plaintiff, **LORI MARIE DIAZ**, is and was a resident of and domiciled in the State of California, now living in Long Beach, California, and at all times material was a passenger onboard defendant's vessel, the "**INSPIRATION**."

5. At all times material, Defendants, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, **a Foreign Corporation,** personally or through an agent:

    A. Operated, conducted, engaged and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

    B. Were engaged in substantial business activity in the State of Florida, and in particular, in Miami-Dade County, Florida;

    C. Operated vessels and provided vessels for cruises in the waters of this state;

    D. Committed one or more acts as set forth in F.S. §48,081, 48.181 and 48.193, which submit the defendant to the jurisdiction and venue of this Court.  Further, this court has jurisdiction of this action under 28 U.S.C. §1333(1);

    E. The acts of defendants set out in the Complaint occurred in whole or in part in Miami-Dade County and/or the State of Florida.

6. All conditions precedent to the institution of this action have been satisfied, or otherwise excused, including the pre-suit notice required by the terms and conditions of Defendant's cruise ticket.

## COUNT I - NEGLIGENCE

7. On or about May 6, 2014[1], Defendant owned and operated a passenger cruise ship known as the "**INSPIRATION**."

8. At such time and place, Plaintiff, **LORI MARIE DIAZ**, was lawfully and legally aboard said vessel as an invitee and paying passenger with the actual and/or constructive consent of Defendant.

9. On May 6, 2015, while on board the *Inspiration*, which was operating in navigable waters, the Plaintiff, **LORI MARIE DIAZ**, was seriously injured when she slipped and fell on a wet deck as she was walking on the Lafayette area.

10. At all times material hereto Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, **a Foreign Corporation**, owed a duty to Plaintiff and other

---

[1] The Statute of Limitations has been extended by agreement between the parties until 01/04/16.

similarly situated passengers to exercise reasonable care under the circumstances.

11. Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, **a Foreign Corporation,** breached its duty owed to Plaintiff by committing one or more of the following acts or omissions:

- A. Failing to exercise reasonable care for the safety of its passengers in creating a dangerous condition on the food and beverages service areas of the Lido Deck of the Carnival Inspiration;

- B. Failing to properly maintain the food and beverage deck surfaces and walkways on the Lido Deck in a reasonably safe condition;

- C. Failing to inspect the food and beverage deck and walking surfaces of the Lido Deck in a sufficient manner to determine the presence of foreign, transitory substances;

- D. Failing to provide a reasonable walkway and deck surface on its vessel, reasonably fit for use by its passengers;

- E. Failing to warn passengers, including Plaintiff of the deck surfaces crew had or was in the process of mopping, creating a dangerous condition without providing warnings to passengers including Plaintiff;

- F. Negligently establishing and enforcing a method of operation on the Lido Deck for cleaning inspection and maintenance of the food and beverage service deck surface where Plaintiff fell;

- G. Allowing a dangerous condition to exist notwithstanding prior substantially similar injury incidents on the food and beverage services areas of the Lido Deck on this and other vessels in its fleet and this class, on the same deck surfaces, including the area where Plaintiff fell, with sufficient frequency to both provide notice and create a pattern of conduct which demands remedy;

- H. Failing to train crew members in the assessment, inspection, discovery, and cleaning of foreign, transitory substances in the food and beverage services areas of the Lido Deck with sufficient efficiency to avoid or minimize regularly wet deck surfaces and to promptly and without reasonable delay place warning signs, cones and other available warnings for the safety of passengers including Plaintiff, Lori Marie Diaz.

- I. Failing to comply with its own internal policies and procedures established by Carnivals own Safety Management Systems Manual (SMS) and by the ISM Code, and other internal operational procedures required by the ISM

Code, SOLAS, all applicable health, building and safety codes and ordinances in accordance with 33 CFR 96.100 et. seq., 46 USC Section 3201 et. seq. and all Rules and Regulations, including, but not limited to all relevant standards NVIC's of the United States Coast Guard, and The International Maritime Organization.

12. As a direct and proximate result of Defendant's negligence and above referenced breaches of duty, Plaintiff, **LORI MARIE DIAZ**, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, disability, loss of capacity for the enjoyment of life, expense of hospitalization, surgery and medications, loss of earnings in the past, loss and/or impairment of the ability to earn money, expenses for physical and occupational therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses into the future.

**WHEREFORE**, Plaintiff, **LORI MARIE DIAZ**, demands judgment, interest and costs against Defendant, **CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES**, a trial by jury and any such other relief to which the Plaintiff may be justly entitled.

Dated: January 04, 2016

>LAW OFFICE OF GLENN J. HOLZBERG
>Offices at Pinecrest II, Suite 220
>7685 S.W. 104th Street
>Miami, Florida 33156
>Telephone: (305) 668-6410
>Facsimile:  (305) 667-6161
>
>BY:    */s/ Glenn J. Holzberg*
>           GLENN J. HOLZBERG
>           Fla. Bar # 369551